MICHAEL R. MARRINAN (SBN 90484)
Attorney at Law
Law Offices of Michael R. Marrinan
614 Fifth Avenue, Suite D
San Diego, CA 92101
Telephone: (619) 238-6900
Facsimile: (6190 515-0505

Attorney for Plaintiffs

FILED
08 MAY -1 PM 2:21
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DAWN ROBINSON and
NOAH ROBINSON, a minor,
by and through his father and
guardian ad litem, Ricardo Robinson,

Plaintiffs,

vs.

COUNTY OF SAN DIEGO,
WILLIAM YAVNO
and DOES 1-20, inclusive,

Defendants.

Case No.

COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

'08 CV 0798 J JMA

1. 42 U.S.C. § 1983--Civil Rights Violations
2. 42 U.S.C. § 1983–Unlawful Policies, Customs or Habits
3. Negligence
4. Battery
5. Civil Code § 52.1 Civil Rights Violations

Plaintiffs allege:

**JURISDICTION**

1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. § 1983, et seq., and the Fourth Amendment to the United States Constitution, for personal injuries and violation of Plaintiffs' constitutional rights by defendant County of San Diego and its sheriff's deputy, William Yavno. Jurisdiction is founded on 28 U.S.C. Sections 1331 and 1343 and the aforementioned statutory and Constitutional provisions. State claims of negligence, battery and Civil Code section 52.1 civil rights violations are alleged as well. Plaintiffs invoke the Court's supplemental jurisdiction to consider these state law claims.

///

## GENERAL ALLEGATIONS

2. Plaintiffs are and were and at all material times mentioned herein residents of the County of San Diego, State of California. Plaintiff Dawn Robinson and her husband, Ricardo Robinson, are law abiding homeowners in the City of Carlsbad. They are the parents of minor plaintiff Noah Robinson.

3. Plaintiff Noah Robinson is a minor, age five, born on July 28, 2002. He brings this action through his father and guardian ad litem, Ricardo Robinson.

4. At all times mentioned herein defendants Yavno and DOES 1 through 10 were employees of defendant County of San Diego and in doing the acts hereinafter described acted within the course and scope of their employment. The acts of all defendants and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. The individual defendant named above and DOES 1 through 10 are sued individually and in their capacities as employees of the County of San Diego.

5. Defendant County of San Diego is a public entity existing under the laws of the State of California and is the employer of the individual defendants named above.

6. The true names or capacities whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20 are unknown to Plaintiffs, who therefore sue said defendants by said fictitious names. Plaintiffs will amend this complaint to show said defendants' true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

7. Plaintiffs are informed and believe and therefore allege that at all times mentioned herein each of the defendants was the agent, servant and/or employee of each of the remaining defendants and were, in doing the acts herein alleged, acting within the course and scope of this agency and/or employment and with the permission, consent and authority of their co-defendants and each of them, and each is responsible in some manner

for the occurrences hereinafter alleged; and that Plaintiffs' injuries were proximately caused by the actions of each.

8. On or about October 3, 2007 Plaintiffs filed claims with the County of San Diego for the injuries alleged herein. The claims were denied by operation of law.

## FACTUAL ALLEGATIONS

9. On April 5, 2007 shortly after 9:00 a.m. Plaintiff Dawn Robinson was driving into the Home Depot parking lot in Encinitas. Ms. Robinson had not committed any type of driving offense but nevertheless was detained in the parking lot by defendant sheriff's deputy William Yavno. Ms. Robinson's four year old son, plaintiff Noah Robinson, was in the back seat of her car at the time.

10. Defendant Yavno was rude and intimidating from the beginning of the contact. After getting Ms. Robinson out of her car and moving her to the rear of the car, Deputy Yavno grabbed her by the throat for no legitimate reason. When Ms. Robinson yelled for help Deputy Yavno shot her with a taser gun in her upper arm. This caused excruciating pain and Ms. Robinson's arm soon went numb. Deputy Yavno then jammed the taser into Ms. Robinson's upper chest and tried to taser her again but the taser did not fire. Ms. Robinson fell to the ground and was handcuffed and arrested, ostensibly for obstructing an officer. Ms. Robinson had done nothing threatening or violent, and certainly nothing to justify her being shot with a taser by defendant Yavno.

11. Plaintiff Noah Robinson, four years old at the time, was in the back seat of his mother's car and witnessed this unjustified attack on his mother. He saw his mother grabbed and shot with the taser by defendant Yavno. Noah heard his mother's screams of pain, saw her fall to the ground and saw her handcuffed and taken away by an ambulance, all as a result of defendant Yavno's unjustified use of the taser and excessive force on his mother.

12. Ms. Robinson was arrested and taken to the hospital (in custody) where she was treated for her injuries. A family friend was eventually called to the scene to take custody of Noah, who was shocked, terrified and emotionally distraught as a result of the

3

attack on his mother.

13. After being treated at the hospital, Ms. Robinson was transported to the sheriff's substation where she was fingerprinted and booked by Deputy Yavno who continued to be intimidating and threatening during this process. Ms. Robinson was later released and given a citation for P.C. § 148(a), obstructing an officer. She was charged in court with that offense. Rather than incur the time and expense of a trial, Ms. Robinson pled guilty to disturbing the peace, which will be reduced to an infraction in one year. The Penal Code § 148 charge was dismissed.

14. Plaintiff Dawn Robinson suffered injuries to her arm as a result of the taser and pain and injury to her neck, shoulder, chest and head as a result of the physical assault on her by defendant Yavno. She also suffered severe pain, anxiety and emotional distress as a result of this incident. Plaintiff Noah Robinson suffered severe emotional distress as a result of witnessing the acts perpetrated against his mother by defendant Yavno.

## FIRST CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations--
Unlawful Search and Seizure and Excessive Force]

15. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 14 above as though fully set forth herein.

16. As a result of the acts alleged above, particularly the unjustified, unreasonable and unnecessary use of force on Plaintiff Dawn Robinson, including the use of the taser on her, the grabbing of her neck and the other acts of force described above, defendant Yavno used unreasonable, unjustified and excessive force upon Plaintiff Dawn Robinson. This unreasonable and excessive use of force constituted an unlawful seizure, in violation of Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff Dawn Robinson is entitled to damages pursuant to Title 42 U.S.C. § 1983 in an amount to be proven at trial.

17. As a further result of the acts alleged above, particularly the unlawful detention described above, Plaintiffs were unlawfully seized by Defendant Yavno without

4

a warrant, probable cause or reasonable suspicion. Thus, Plaintiffs suffered unlawful seizures in violation of their constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

18. As a proximate result of the acts alleged above, Plaintiffs were injured in mind and body. Plaintiff Dawn Robinson suffered injuries to her arm, neck, shoulder, chest and head as a result of being grabbed, shot with a taser, jabbed in the chest with the taser gun, taken to the ground and handcuffed by Deputy Yavno. Plaintiff Noah Robinson suffered severe anxiety, fear and emotional distress. Plaintiff Dawn Robinson suffered pain and suffering from her physical injuries as well as severe emotional distress, including fear, terror, anxiety, humiliation and upset as a result of the acts of defendant Yavno. Plaintiffs incurred medical bills for the medical treatment they obtained and Plaintiff Dawn Robinson incurred attorneys fees as a result of the false criminal charge. Plaintiffs are therefore entitled to general and compensatory damages in an amount to be proven at trial.

19. In committing the acts alleged above, Defendant Yavno acted maliciously and/or was guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiffs, and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

[42 U.S.C. § 1983 Constitutional Violations via
Unlawful Policies, Customs or Habits]

20. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 19 above as though fully set forth herein.

21. On information and belief Plaintiffs allege that defendant COUNTY OF SAN DIEGO, through its sheriff's department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its sheriff's deputies, proximately causing the constitutional deprivations, injuries and

1  damages alleged in the First Cause of Action. Plaintiffs are further informed and believe
2  that other citizens have been treated unlawfully and abused by sheriff's deputies in similar
3  situations, but the County, through its sheriff's department has a custom, policy or
4  practice of failing to properly investigate citizen complaints and failing to take corrective
5  or disciplinary action against deputies who act improperly, thus leading to the
6  constitutional violations against Plaintiffs as described above.  As a result, Plaintiffs are
7  entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.
8      22.  Further, on information and belief Plaintiffs allege that defendant County of
9  San Diego, through its sheriff's department, has an unlawful policy, custom or habit of
10 permitting or condoning the unnecessary and unjustified use of force by sheriff's
11 deputies, of failing to properly supervise and train deputies in the proper use of the taser
12 weapon, of failing to take proper action when deputies use the taser and other weapons
13 improperly (including Deputy Yavno herein), and of permitting, condoning and failing to
14 take action against deputies who commit acts of excessive force or unlawful search and
15 seizure.  Defendant County has a further unlawful policy, custom and habit of inadequate
16 training, supervision and disciplining of errant officers, including defendant Yavno
17 herein.
18      23.  As a proximate result of the unlawful policies, customs and habits alleged
19 above, Plaintiffs suffered the constitutional violations, injuries and damages alleged in the
20 First Cause of Action and thus are entitled to general and compensatory damages against
21 defendant County of San Diego in an amount to be proven at trial.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## STATE LAW CLAIMS

The following claims are brought under California law on behalf of both Plaintiffs.

### THIRD CAUSE OF ACTION

[Negligence]

24. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

25. By the acts alleged above, Defendant Yavno was negligent and breached his duty of due care owed to Plaintiffs, thereby causing the injuries and severe emotional distress as described in the Factual Allegations and the First Cause of Action herein, including paragraphs 14 and 20 above. Plaintiffs are therefore entitled to general and compensatory damages in an amount to be proven at trial.

26. Further, Plaintiff Noah Robinson is entitled to recover for the emotional distress he suffered as a result of observing the acts perpetrated against his mother as described above. Specifically, Plaintiff Noah Robinson is entitled to recover for the emotional distress he suffered as a result of observing the improper acts and injuries inflicted on his mother by Deputy Yavno. Plaintiff Noah Robinson is therefore entitled to recover general and compensatory damages for this emotional distress in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

[Battery]

27. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 26 above as though fully set forth herein.

28. By the acts alleged herein, particularly the acts of excessive force and violence committed against Plaintiff Dawn Robinson as described in the Factual Allegations and the First Cause of Action, Plaintiff Dawn Robinson was the victim of a battery by defendant Yavno, entitling her to damages pursuant to California law.

29. As a result of these acts, Plaintiff Dawn Robinson suffered the injuries and damages described in the Factual Allegations and paragraphs 14 and 20 above and severe

1 | pain, suffering and emotional distress, entitling her to damages in an amount to be proven
2 | at trial.
3 |     30. In committing the acts alleged above, defendant Yavno acted maliciously
4 | and/or oppressively and was guilty of a wanton and reckless disregard for the rights,
5 | feelings and safety of Plaintiff Dawn Robinson, and by reason thereof Plaintiff Dawn
6 | Robinson is entitled to exemplary and punitive damages in an amount to be proven at
7 | trial.

### FIFTH CAUSE OF ACTION
[Civil Code § 52.1 Civil Rights Violations]

10 |     31. Plaintiffs reallege and incorporate by reference the allegations contained in
11 | paragraphs 1 through 30 above as though fully set forth herein.
12 |     32. The acts alleged above, particularly the acts of unjustified physical violence,
13 | excessive force and unreasonable search and seizure described in the First Cause of
14 | Action, constituted an unlawful seizure, in violation of Plaintiffs' rights guaranteed by the
15 | California Constitution (Article I, Section 13) and the United States Constitution,
16 | specifically the Fourth Amendment thereto. These acts were committed by threats,
17 | intimidation and/or coercion. Therefore, Plaintiffs are entitled to damages pursuant to
18 | California Civil Code section 52.1(b).
19 |     33. As a result of these acts, Plaintiffs suffered the injuries and damages described
20 | in the Factual Allegations and paragraphs 14 and 20 above and severe pain, suffering and
21 | emotional distress, entitling them to damages in an amount to be proven at trial.
22 |     34. In committing the acts alleged above, defendant Yavno acted maliciously
23 | and/or oppressively and was guilty of a wanton and reckless disregard for the rights,
24 | feelings and safety of Plaintiffs and by reason thereof Plaintiffs are entitled to exemplary
25 | and punitive damages in an amount to be proven at trial.
26 | / / /
27 | / / /
28 | / / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages against Defendant Yavno only in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees; and

4. For such other relief as the Court deems proper.

Dated: May 1, 2008

*/s/ Michael R. Marrinan*
MICHAEL R. MARRINAN
Attorney for Plaintiffs

Plaintiffs hereby demand a jury trial in this action.

Dated: May 1, 2008

*/s/ Michael R. Marrinan*
MICHAEL R. MARRINAN
Attorney for Plaintiffs

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** DAWN ROBINSON, individually, and NOAH ROBINSON, a minor, by and through his father and guardian ad litem, Richard Robinson

**DEFENDANTS** COUNTY OF SAN DIEGO, WILLIAM YAVNO and DOES 1-20, inclusive

(b) County of Residence of First Listed Plaintiff: SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael R. Marrinan (SBN 90484)
614 Fifth Ave., Ste. D
San Diego, CA 92101  619-238-6900

Attorneys (If Known): 08 CV 0798 J JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983

Brief description of cause:
Excessive Force/Fourth Amendment Violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Damages according to proof
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May 1, 2008

SIGNATURE OF ATTORNEY OF RECORD: /s/ Michael Marrinan

**FOR OFFICE USE ONLY**
RECEIPT # 150422  AMOUNT $350  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____
PB 05/01/08

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150422      - MB

May 01. 2008
   14:22:35

        Civ Fil Non-Pris
USAO #.: 08CV0794 CIVIL FILING
Judge..: NAPOLEON A JONES, JR
Amount.:
Check#.: PC2070           $350.00 CK


       Total-> $350.00


FROM: DAWN ROBINSON AND NOAH
      ROBINSON VS COUNTY OF SAN
      DIEGO, WILLIAM YAVNO, ET AL.
```